FILED

1  EILEEN M. DECKER
   United States Attorney
2  ROBERT D. CONTE                        2016 JUL 26  AM 10: 56
   Assistant United States Attorney
3  Acting Chief, Tax Division             CLERK U.S. DISTRICT COURT
   VALERIE L. MAKAREWICZ (Cal. Bar No. 229637)   CENTRAL DIST. OF CALIF.
4  BENJAMIN L. TOMPKINS (Cal. Bar No. 305024)        LOS ANGELES
   Assistant United States Attorneys
5  Tax Division                           BY_____
      300 N. Los Angeles Street
6     Ste. 7211
      Los Angeles, California 90012
7     Telephone: (213) 894-2729
      Facsimile: (213) 894-0115
8     E-mail:    Valerie.Makarewicz@usdoj.gov

9  Attorneys for Plaintiff
   UNITED STATES OF AMERICA

10                 UNITED STATES DISTRICT COURT

11          FOR THE CENTRAL DISTRICT OF CALIFORNIA

12  UNITED STATES OF AMERICA,        No. CR 16 **CR16-0509**

13              Plaintiff,           PLEA AGREEMENT FOR DEFENDANT
                                     DARRYL W. GENIS
14              v.

15  DARRYL W. GENIS,

16              Defendant.

17

18

19      1.   This plea agreement is subject to the review and approval,

20  and is not final until approved by the Department of Justice Tax

21  Division.  This constitutes the plea agreement between defendant

22  DARRYL W. GENIS ("defendant") and the United States Attorney's Office

23  for the Central District of California (the "USAO") in the above-

24  captioned case.  This agreement is limited to the USAO and cannot

25  bind any other federal, state, local, or foreign prosecuting,

26  enforcement, administrative, or regulatory authorities.

27                     DEFENDANT'S OBLIGATIONS

28      2.   Defendant agrees to:

a.  Give up the right to indictment by a grand jury and, at the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to a three-count information in the form attached to this agreement as Exhibit A or a substantially similar form, which charges defendant with three counts of willful failure to file returns in violation of 26 U.S.C. § 7203.

b.  Not contest facts agreed to in this agreement.

c.  Abide by all agreements regarding sentencing contained in this agreement.

d.  Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.  Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.  Be truthful at all times with Pretrial Services, the United States Probation Office, and the Court.

g.  Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay and prior to sentencing submits a completed financial statement on a form to be provided by the USAO.

h.  Make full restitution at or before the time of sentencing, based on his financial ability to pay.  Defendant will not seek the discharge of any restitution obligation, in whole or in part, in any present or future bankruptcy proceeding.

i.   Defendant agrees to cooperate with the Internal Revenue Service in the determination of defendant's tax liability for calendar years 2005 through 2012. Defendant agrees that:

1.   Defendant is liable for the applicable civil penalties on the failure to file tax returns for tax years 2009 through 2012 and understatements of tax liability for tax years 2005 through 2008.

2.   Defendant gives up any and all objections that could be asserted to the Examination Division of the Internal Revenue Service receiving materials or information obtained during the criminal investigation of this matter, including materials and information obtained through grand jury subpoenas.

3.   Prior to sentencing, Defendant will sign closing agreements with the Internal Revenue Service permitting the Internal Revenue Service to assess and collect the total sum of $679,958 ($10,853, $50,533, $102,509, $129,269, $112,773, $45,035, $131,399, and $97,587 for the defendant's tax years 2005 through 2012, respectively), which comprises only the civil tax liabilities, as well as assess and collect any applicable civil penalties for each year, statutory interest and any other statutory additions, on the tax liabilities, as provided by law.

4.   In connection with signing the above-referenced closing agreements, defendant will, if requested to do so by the Internal Revenue Service, provide the Internal Revenue Service with information regarding the 2005 through 2012 tax years.

5.   Defendant will pay, based on ability to pay, at or before sentencing all additional taxes and all penalties and

1  interest assessed by the Internal Revenue Service on the basis of the
2  assessments;

3      6.    Defendant will not, after entering into the
4  above-referenced closing agreements, file any claim for refund of
5  taxes, penalties or interest for amounts attributable to the returns
6  filed in connection with this plea agreement;

7      7.    Defendant will agree and not oppose the
8  imposition of the following conditions of probation or supervised
9  release: that defendant shall cooperate with the payment of all
10 delinquent federal and state taxes, and any related penalties and
11 interest that may be imposed; that defendant shall truthfully and
12 timely file and pay taxes during the period of supervised release;
13 and that defendant will show proof to the Probation Officer of
14 compliance with the aforementioned conditions of supervised release.

15                    THE USAO'S OBLIGATIONS

16     3.    The USAO agrees to:

17     a.    Not contest facts agreed to in this agreement.

18     b.    Abide by all agreements regarding sentencing contained
19 in this agreement.

20     c.    At the time of sentencing, provided that defendant
21 demonstrates an acceptance of responsibility for the offense up to
22 and including the time of sentencing, recommend a two-level reduction
23 in the applicable Sentencing Guidelines offense level, pursuant to
24 U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an
25 additional one-level reduction if available under that section.

26     d.    Recommend that defendant be sentenced to a term of
27 imprisonment no higher than the low end of the applicable Sentencing
28 Guidelines range, provided that the offense level used by the Court

                            4

1  to determine that range is **17** or higher and provided that the Court

2  does not depart downward in offense level or criminal history

3  category.   For purposes of this agreement, the low end of the

4  Sentencing Guidelines range is that defined by the Sentencing Table

5  in U.S.S.G. Chapter 5, Part A.

6                        NATURE OF THE OFFENSE

7       4.   Defendant understands that for defendant to be guilty of

8  the crime charged in count one of the Information, that is, willful

9  failure to file income tax return, in violation of Title 26, United

10  States Code, Section 7203, the following must be true:

11            a.   Defendant was required to file a U.S. individual

12  income tax return for the calendar year ending December 31, 2009;

13            b.   Defendant failed to file a U.S. individual income tax

14  income tax return by October 15, 2010, the date his tax return was

15  due pursuant to his request for an automatic extension of time in

16  which to file his return, as required by Title 26 of the United

17  States Code; and

18            c.   In failing to do so, defendant acted willfully.

19      5.   Defendant understands that for defendant to be guilty of

20  the crime charged in count two of the Information, that is, willful

21  failure to file income tax return, in violation of Title 26, United

22  States Code, Section 7203, the following must be true:

23            a.   Defendant was required to file a U.S. individual

24  income tax return for the calendar year ending December 31, 2010;

25            b.   Defendant failed to file a U.S. individual income tax

26  income tax return by October 15, 2011, the date his tax return was

27  due pursuant to his request for an automatic extension of time in

28

1   which to file his return, as required by Title 26 of the United

2   States Code; and

3                c.   In failing to do so, defendant acted willfully.

4       6.   Defendant understands that for defendant to be guilty of

5   the crime charged in count three of the Information, that is, willful

6   failure to file income tax return, in violation of Title 26, United

7   States Code, Section 7203, the following must be true:

8                a.   Defendant was required to file a U.S. individual

9   income tax return for the calendar year ending December 31, 2011.

10               b.   Defendant failed to file a U.S. individual income tax

11  income tax return by October 15, 2012, the date his tax return was

12  due pursuant to his request for an automatic extension of time in

13  which to file his return, as required by Title 26 of the United

14  States Code; and

15               c.   In failing to do so, defendant acted willfully.

16      7.   An individual who elects to file a U.S. individual income

17  tax using the married filing separately filing status was required to

18  make a U.S. individual income tax return:

19               a.   For tax year 2009, if his gross income exceeded

20  $3,650;

21               b.   For tax year 2010, if his gross income exceeded

22  $3,650; and

23               c.   For tax year 2011, if his gross income exceeded

24  $3,700.

25

26

27

28

8.   Defendant admits that he is, in fact, guilty of the offenses as charged in counts one through three of the Information. Specifically,

a.   For each year from 2009 through and including 2011, defendant was a resident of Santa Barbara, California, and earned gross income exceeding the threshold requiring him to file a U.S. individual income tax  returns;

b.   For each year from 2009 through and including 2011, defendant failed to file a U.S. individual income tax return by the deadline for each year, which was due on October 15, 2010 (tax year 2009), October 15, 2011 (tax year 2010), and October 15, 2012 (tax year 2011); and

c.   In failing to file the U.S. individual income tax returns for years 2009 through and including 2011, defendant acted willfully.

<u>PENALTIES AND RESTITUTION</u>

9.   Defendant understands that the statutory maximum sentence that the Court can impose for each violation of Title 26, United States Code, Section 7203, is: 1 year imprisonment; a 1-year period of supervised release; a fine of $25,000; and a mandatory special assessment of $25.

10.   Defendant understands, therefore, that the total maximum sentence for all offenses to which defendant is pleading guilty is: 3 years imprisonment; a 1-year period of supervised release; a fine of $100,000 or twice the gross gain or gross loss resulting from the offenses, whichever is greatest; and a mandatory special assessment of $75.

1      11.   Defendant understands and agrees that the Court: (a) may

2  order defendant to pay restitution in the form of any additional

3  taxes, interest, and penalties that defendant owes to the United

4  States based upon the counts of conviction and any relevant conduct;

5  and (b) must order defendant to pay the costs of prosecution, which

6  may be in addition to the statutory maximum fine stated above. The

7  parties currently believe that the applicable amount of restitution

8  is approximately $679,958, but recognize and agree that this amount

9  could change based on facts that come to the attention of the parties

10  prior to sentencing.

11      12.   Defendant understands that supervised release is a period

12  of time following imprisonment during which defendant will be subject

13  to various restrictions and requirements.  Defendant understands that

14  if defendant violates one or more of the conditions of any supervised

15  release imposed, defendant may be returned to prison for all or part

16  of the term of supervised release authorized by statute for the

17  offense that resulted in the term of supervised release, which could

18  result in defendant serving a total term of imprisonment greater than

19  the statutory maximum stated above.

20      13.   Defendant understands that, by pleading guilty, defendant

21  may be giving up valuable government benefits and valuable civic

22  rights, such as the right to vote, the right to possess a firearm,

23  the right to hold office, and the right to serve on a jury.

24  Defendant understands that the conviction in this case may also

25  subject defendant to various other collateral consequences, including

26  but not limited to revocation of probation, parole, or supervised

27  release in another case and suspension or revocation of a

28  professional license.  Defendant understands that unanticipated

1  collateral consequences will not serve as grounds to withdraw

2  defendant's guilty plea.

3                           FACTUAL BASIS

4       14.  Defendant has fully discussed with defense counsel the

5  facts of this case and the elements of the crimes contained in the

6  counts one through three of the Information.  Defendant admits that

7  defendant is, in fact, guilty of the offenses to which defendant is

8  agreeing to plead guilty.  Defendant and the USAO agree to the

9  statement of facts contained within Exhibit B attached herein, and

10 agree that this statement of facts is sufficient to support pleas of

11 guilty to the charges described in this agreement and to establish

12 the Sentencing Guidelines factors set forth in paragraph 16, but is

13 not meant to be a complete recitation of all facts relevant to the

14 underlying criminal conduct or all facts known to either party that

15 relate to that conduct.

16                        SENTENCING FACTORS

17      15.  Defendant understands that in determining defendant's

18 sentence the Court is required to calculate the applicable Sentencing

19 Guidelines range and to consider that range, possible departures

20 under the Sentencing Guidelines, and the other sentencing factors set

21 forth in 18 U.S.C. § 3553(a).  Defendant understands that the

22 Sentencing Guidelines are advisory only, that defendant cannot have

23 any expectation of receiving a sentence within the calculated

24 Sentencing Guidelines range, and that after considering the

25 Sentencing Guidelines and the other § 3553(a) factors, the Court will

26 be free to exercise its discretion to impose any sentence it finds

27 appropriate up to the maximum set by statute for the crime of

28 conviction.

1    16.   Defendant and the USAO agree to the following applicable

2  Sentencing Guidelines factors:

3    Base Offense Level:          20      U.S.S.G. §§ 2T1.4, 2T4.1

4    (More than $550,000 and

5    Less than $1,500,000)

6    Acceptance of Responsibility     -3      U.S.S.G. § 3E1.1

7    **Total Offense Level**           17

8  The USAO will agree to a two-level downward adjustment for acceptance

9  of responsibility (and, if applicable, move for an additional one-

10  level downward adjustment under U.S.S.G. § 3E1.1(b)) only if the

11  conditions set forth under paragraph 2, above, are met.

12    Subject to paragraph 24 below, defendant and the USAO agree not

13  to seek, argue, or suggest in any way, either orally or in writing,

14  that any other specific offense characteristics, adjustments, or

15  departures relating to the offense level be imposed. Defendant agrees

16  that if, after signing this agreement but prior to sentencing,

17  defendant were to commit an act, or the USAO were to discover a

18  previously undiscovered act committed by defendant prior to signing

19  this agreement, which act, in the judgment of the USAO, constituted

20  obstruction of justice within the meaning of U.S.S.G. § 3C1.1, the

21  USAO would be free to seek the enhancement set forth in that section.

22    Defendant reserves the right to argue for a more lenient

23  sentence from the sentence suggested under the Sentencing Guidelines

24  by arguing factors set forth in 18 U.S.C. §§ 3553(a)(1), (a)(2),

25  (a)(3), (a)(6), and (a)(7).  The USAO reserves the right to oppose

26  these arguments, and may argue that the factors set forth in 18

27  U.S.C. §§ 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7) support a

28  term of imprisonment at the low end of the applicable Sentencing

1  Guidelines range effective November 1, 2015, specifically, a term of
2  imprisonment of 24 months, provided that the total offense level used
3  by the Court to determine that range is 17 or higher and defendant's
4  criminal history category is I.

5      17.  Defendant understands that there is no agreement as to
6  defendant's criminal history or criminal history category.

7                  <u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

8      18.  Defendant understands that by pleading guilty, defendant
9  gives up the following rights:

10         a.   The right to persist in a plea of not guilty.

11         b.   The right to a speedy and public trial by jury.

12         c.   The right to be represented by counsel -- and if
13  necessary have the court appoint counsel -- at trial.  Defendant
14  understands, however, that, defendant retains the right to be
15  represented by counsel -- and if necessary have the court appoint
16  counsel -- at every other stage of the proceeding.

17         d.   The right to be presumed innocent and to have the
18  burden of proof placed on the government to prove defendant guilty
19  beyond a reasonable doubt.

20         e.   The right to confront and cross-examine witnesses
21  against defendant.

22         f.   The right to testify and to present evidence in
23  opposition to the charges, including the right to compel the
24  attendance of witnesses to testify.

25         g.   The right not to be compelled to testify, and, if
26  defendant chose not to testify or present evidence, to have that
27  choice not be used against defendant.

28

h.    Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

### WAIVER OF APPEAL OF CONVICTION

19.   Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.

### LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

20.   Defendant agrees that, provided that the Court imposes a term of imprisonment within or below the range corresponding to a total offense level of 17 and the criminal history category calculated by the Court, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the court, provided it is within the statutory maximum; (d) the amount and terms of any restitution order, provided it requires payment of no more than $679,958; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in General Orders 318, 01-15, and/or 05-02 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b); and (g) any condition of probation or supervised release agreed to by defendant in paragraph 2, above.

21.   The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment within or above the range corresponding to a total offense level of 17 and the criminal history category calculated by the Court, the USAO gives up its right to appeal any portion of the sentence, with the exception that the USAO reserves the right to appeal the amount of restitution ordered if that amount is less than $679,958.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

22.   Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge or any civil, administrative, or regulatory action that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## EFFECTIVE DATE OF AGREEMENT

23.   This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.   The parties acknowledge that this

13

1    agreement is subject to the review and approval, and is not final

2    until approved by the Department of Justice Tax Division.

3                              BREACH OF AGREEMENT

4        24.   Defendant agrees that if defendant, at any time after the

5    signature of this agreement and execution of all required

6    certifications by defendant, defendant's counsel, and an Assistant

7    United States Attorney, knowingly violates or fails to perform any of

8    defendant's obligations under this agreement ("a breach"), the USAO

9    may declare this agreement breached.  All of defendant's obligations

10   are material, a single breach of this agreement is sufficient for the

11   USAO to declare a breach, and defendant shall not be deemed to have

12   cured a breach without the express agreement of the USAO in writing.

13   If the USAO declares this agreement breached, and the Court finds

14   such a breach to have occurred, then: (a) if defendant has previously

15   entered a guilty plea pursuant to this agreement, defendant will not

16   be able to withdraw the guilty pleas, and (b) the USAO will be

17   relieved of all its obligations under this agreement.

18       25.   Following the Court's finding of a knowing breach of this

19   agreement by defendant, should the USAO choose to pursue any charge

20   or any civil, administrative, or regulatory action that was either

21   dismissed or not filed as a result of this agreement, then:

22            a.   Defendant agrees that any applicable statute of

23   limitations is tolled between the date of defendant's signing of this

24   agreement and the filing commencing any such action.

25            b.   Defendant waives and gives up all defenses based on

26   the statute of limitations, any claim of pre-indictment delay, or any

27   speedy trial claim with respect to any such action, except to the

28

1  extent that such defenses existed as of the date of defendant's

2  signing this agreement.

3         c.   Defendant agrees that: (i) any statements made by

4  defendant, under oath, at the guilty plea hearing (if such a hearing

5  occurred prior to the breach); (ii) the agreed to factual basis

6  statement in this agreement; and (iii) any evidence derived from such

7  statements, shall be admissible against defendant in any such action

8  against defendant, and defendant waives and gives up any claim under

9  the United States Constitution, any statute, Rule 410 of the Federal

10 Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal

11 Procedure, or any other federal rule, that the statements or any

12 evidence derived from the statements should be suppressed or are

13 inadmissible.

14              COURT AND PROBATION OFFICE NOT PARTIES

15      26.  Defendant understands that the Court and the United States

16 Probation Office are not parties to this agreement and need not

17 accept any of the USAO's sentencing recommendations or the parties'

18 agreements to facts or sentencing factors.

19      27.  Defendant understands that both defendant and the USAO are

20 free to: (a) supplement the facts by supplying relevant information

21 to the United States Probation Office and the Court, (b) correct any

22 and all factual misstatements relating to the Court's Sentencing

23 Guidelines calculations and determination of sentence, and (c) argue

24 on appeal and collateral review that the Court's Sentencing

25 Guidelines calculations and the sentence it chooses to impose are not

26 error, although each party agrees to maintain its view that the

27 calculations in paragraph 16 are consistent with the facts of this

28 case.  While this paragraph permits both the USAO and defendant to

submit full and complete factual information to the United States

Probation Office and the Court, even if that factual information may

be viewed as inconsistent with the facts agreed to in this agreement,

this paragraph does not affect defendant's and the USAO's obligations

not to contest the facts agreed to in this agreement.

28.   Defendant understands that even if the Court ignores any

sentencing recommendation, finds facts or reaches conclusions

different from those agreed to, and/or imposes any sentence up to the

maximum established by statute, defendant cannot, for that reason,

withdraw defendant's guilty pleas, and defendant will remain bound to

fulfill all of defendant's obligations under this agreement.

Defendant understands that no one -- not the prosecutor, defendant's

attorney, or the Court -- can make a binding prediction or promise

regarding the sentence defendant will receive, except that it will be

within the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

29.   Defendant understands that, except as set forth herein,

there are no promises, understandings, or agreements between the USAO

and defendant or defendant's attorney, and that no additional

promise, understanding, or agreement may be entered into unless in a

writing signed by all parties or on the record in court.

///

///

///

1    <u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

2        30.   The parties agree that this agreement will be considered

3    part of the record of defendant's guilty plea hearing as if the

4    entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

EILEEN M. DECKER
United States Attorney

_____          7/19/16
VALERIE L. MAKAREWICZ                 Date
BENJAMIN L. TOMPKINS
Assistant United States Attorneys

_____          7/5/16
DARRYL W. GENIS                       Date
Defendant

_____          5 July 2016
MARTIN A. SCHAINBAUM                  Date
Attorney for Defendant DARRYL W.
GENIS

17

## CERTIFICATION OF DEFENDANT

1

2      I have read this agreement in its entirety.  I have had enough

3  time to review and consider this agreement, including Exhibits A and

4  B hereto, and I have carefully and thoroughly discussed every part of

5  it with my attorney.  I understand the terms of this agreement, and I

6  voluntarily agree to those terms.  I have discussed the evidence with

7  my attorney, and my attorney has advised me of my rights, of possible

8  pretrial motions that might be filed, of possible defenses that might

9  be asserted either prior to or at trial, of the sentencing factors

10  set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

11  provisions, and of the consequences of entering into this agreement.

12  No promises, inducements, or representations of any kind have been

13  made to me other than those contained in this agreement.  No one has

14  threatened or forced me in any way to enter into this agreement.  I

15  am satisfied with the representation of my attorney in this matter,

16  and I am pleading guilty because I am guilty of the charges and wish

17  to take advantage of the promises set forth in this agreement, and

18  not for any other reason.

19

20  _____          7/5/16
    DARRYL W. GENIS                              _____
21  Defendant                                    Date

22

23

24

25

26

27

28

                                18

## CERTIFICATION OF DEFENDANT'S ATTORNEY

I am defendant DARRYL W. GENIS's attorney.  I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of guilty pleas pursuant to this agreement.

_____        6 July 2016
MARTIN A. SCHAINBAUM                     Date
Attorney for Defendant DARRYL W.
GENIS

19

**EXHIBIT A – DRAFT INFORMATION COUNTS 1 THROUGH 3**

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>       v.<br><br>DARYL W. GENIS,<br><br>       Defendant. | CR No. 16-<br><br>I N F O R M A T I O N<br><br>[26 U.S.C. § 7203: Willful Failure to File a Tax Return] |

The United States Attorney charges:

COUNT ONE

[26 U.S.C. § 7203]

During the calendar year 2009, Daryl W. Genis, who was a married resident of and whose principal place of business was in Santa Barbara County, California, within the Central District of California, received sufficient income (in excess of $3,650 and net earnings from self-employment income in excess of $400) such that the law required him to make to the Internal Revenue Service, or any other proper officer of the United States Government, a federal individual income tax return on or before October 15, 2010 pursuant to the request for an automatic extension of time filed on his behalf, stating specifically the items of gross income and deductions, credits and exemptions allowed by law and other

information prescribed by the Internal Revenue Service; that well knowing and believing all the foregoing, defendant did willfully fail to make a federal individual income tax return for the calendar year 2009 to the Internal Revenue Service within the Central District of California, to the Internal Revenue Service Center at Fresno, California, or to any other proper officer of the United States Government.

COUNT TWO

[26 U.S.C. § 7203]

During the calendar year 2010, Daryl W. Genis, who was a married resident of and whose principal place of business was in Santa Barbara County, California, within the Central District of California, received sufficient income (in excess of $3,650 and net earnings from self-employment income in excess of $400) such that the law required him to make to the Internal Revenue Service, or any other proper officer of the United States Government, a federal individual income tax return on or before October 15, 2011 pursuant to the request for an automatic extension of time filed on his behalf, stating specifically the items of gross income and deductions, credits and exemptions allowed by law and other information prescribed by the Internal Revenue Service; that well knowing and believing all the foregoing, defendant did willfully fail to make a federal individual income tax return for the calendar year 2010 to the Internal Revenue Service within the Central District of California, to the Internal Revenue Service Center at Fresno, California, or to any other proper officer of the United States Government.

COUNT THREE

[26 U.S.C. § 7203]

During the calendar year 2011, Daryl W. Genis, who was a married resident of and whose principal place of business was in Santa Barbara County, California, within the Central District of California, received sufficient income (in excess of $3,700 and net earnings from self-employment income in excess of $400) such that the law required him to make to the Internal Revenue Service, or any other proper officer of the United States Government, a federal individual income tax return on or before October 15, 2012 pursuant to the request for an automatic extension of time filed on his behalf, stating specifically the items of gross income and deductions, credits and exemptions allowed by law and other information prescribed by the Internal Revenue Service; that well knowing and believing all the foregoing, defendant did willfully fail to make a federal individual income tax return for the calendar year 2011 to the Internal Revenue Service within the Central District of California, to the Internal Revenue Service Center at Fresno, California, or to any other proper officer of the United States Government.

## FACTUAL BASIS-EXHIBIT B

1.   Defendant Darryl W. Genis, a married resident of Santa Barbara, in Santa Barbara County, California, admits that the following occurred within the Central District of California.

2.   Defendant is a criminal defense attorney in Santa Barbara who operated his law practice as a sole proprietary since 1980. Defendant's clients would typically pay defendant a flat fee for his representation, and would be required to pay this fee before defendant would represent the client, either by cash, check, or credit card.   However, many clients did not pay in full, yet work continued.

**Tax Years 2009 through 2011**

3.   In 2009, 2010, and 2011, defendant earned income from his law practice and, as such, was required to report his self-employment earnings on a Schedule C attached to his U.S. individual income tax returns with the filing status of "married filing separately."   In each year, defendant requested an extension of time in which to file his income tax return, until October 15th of each year. However, defendant failed to file U.S. individual income tax returns for tax years 2009, 2010, and 2011, well knowing that his gross income from his law practice for each year exceeded the threshold where he was required to file an income tax return.   Defendant knew he was required by law to timely file U.S. individual income tax returns for tax years 2009, 2010, and 2011 prior to his October 15th extension date, but willfully chose not to file said returns.

///

///

///

4.    For 2009, defendant received taxable income from his law practice in the amount of $792,121, and upon that taxable income, owed to the United States of America an income tax of approximately $112,773.  Defendant did not pay any amount towards his 2009 tax liability and willfully failed to pay $112,773 in tax liability for tax year 2009, exclusive of penalties and interest.

5.    For 2010, defendant received taxable income from his law practice in the amount of $1,021,549, and upon that taxable income, owed to the United States of America an income tax of approximately $45,035.  Defendant did not pay any amount towards his 2010 tax liability and willfully failed to pay $45,035 in tax liability for tax year 2010, exclusive of penalties and interest.

6.    For 2011, defendant received taxable income from his law practice in the amount of $976,879, and upon that taxable income, owed to the United States of America an income tax of approximately $131,399.  Defendant did not pay any amount towards his 2011 tax liability and willfully failed to pay $131,399 in tax liability for tax year 2011, exclusive of penalties and interest.

**Information pertaining to relevant conduct and restitution**

**Tax Year 2005**

7.    For tax year 2005, defendant received taxable income from his law practice in the amount of $479,752, and upon that taxable income, owed to the United States of America an income tax of approximately $20,713, exclusive of penalties and interest. Defendant paid only $9,860, exclusive of any payments made towards his penalties and interest, and willfully failed to pay $10,853 in tax liability for 2005.

///

**Tax Year 2006**

8.    For tax year 2006, defendant received taxable income from his law practice in the amount of $698,622, and upon that taxable income, owed to the United States of America an income tax of approximately $58,807, exclusive of penalties and interest. Defendant paid only $8,274, exclusive of any payments made towards his penalties and interest as well as an applicable tax credit, and willfully failed to pay $50,533 in tax liability for 2006.

**Tax Year 2007**

9.    For tax year 2007, defendant received taxable income from his law practice in the amount of $859,418, and upon that taxable income, owed to the United States of America an income tax of approximately $102,509, exclusive of penalties and interest. Defendant did not pay any amount towards his 2007 tax liability and willfully failed to pay $102,509 in tax liability for 2007, exclusive of penalties and interest.

**Tax Year 2008**

10.   For tax year 2008, defendant received taxable income from his law practice in the amount of $951,948.44, and upon that taxable income, owed to the United States of America an income tax of approximately $140,866, exclusive of penalties and interest. Defendant paid only $11,597, exclusive of any payments made towards his penalties and interest as well as an applicable tax credit, and willfully failed to pay $129,269 in tax liability for 2008.

**Tax Year 2012**

11.   In 2012, defendant earned income from his law practice and, as such, was required to report his self-employment earnings on a Schedule C attached to his U.S. individual income tax return with the

filing status of "married filing separately."  In 2012, defendant requested an extension of time in which to file his income tax return, until October 15, 2013. However, defendant failed to file a U.S. individual income tax return for tax year 2012, well knowing that his gross income from his law practice exceeded the threshold where he was required to file income tax returns.  Defendant knew he was required by law to timely file U.S. individual income tax returns for tax year 2012 prior to his October 15, 2013 extension date, but willfully chose not to file said returns.

12.  For 2012, defendant received taxable income from his law practice, and upon that taxable income in the amount of $799,636, owed to the United States of America an income tax of approximately $97,587.  Defendant did not pay any amount towards his 2012 tax liability and willfully failed to pay $97,587 in tax liability for tax year 2012, exclusive of penalties and interest.